UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| **UNITED STATES SECURITIES AND EXCHANGE COMMISSION,** | : |
| Plaintiff, | : |
| v. | : Civil Action No. 11-cv-574 (MJD/FLN) |
| **JASON BO-ALAN BECKMAN and THE OXFORD PRIVATE CLIENT GROUP, LLC,** | : |
| Defendants, | : |
| and | : |
| **HOLLIE BECKMAN,** | : |
| Relief Defendant. | : |

**ORDER IMPOSING ASSET FREEZE
AND OTHER ANCILLARY RELIEF AND SETTING HEARING
ON MOTION FOR PRELIMINARY INJUNCTION**

This cause comes before the Court upon Plaintiff Securities and Exchange Commission's ("Commission") Motion for an Asset Freeze, Appointment of a Receiver, Preliminary Injunction, and Other Ancillary Relief ("Motion") against Defendant Jason Bo-Alan Beckman ("Beckman"), Defendant The Oxford Private Client Group, LLC ("Oxford PCG"), and Relief Defendant Hollie Beckman. The Court has considered the Commission's Complaint, Motion, Memorandum in Support, and the declarations,

1

exhibits and other documents filed in connection therewith, and having been fully advised in the premises, finds:

 A. That this Court has jurisdiction over the subject matter of this case and there is good cause to believe it will have jurisdiction over all parties hereto;

 B. That the Commission has made a prima facie showing that the Defendants have engaged in acts, practices, and transactions which constitute violations of Sections 5(a) and 5(c) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77e(a) and 77e(c)]; Section 17(a)(1) of the Securities Act [15 U.S.C. § 77q(a)(1)]; Sections 17(a)(2) and 17(a)(3) of the Securities Act [15 U.S.C. § 77q(a)(2) and (3)]; Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)], and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5]; Section 206(1) of the Advisers Act [15 U.S.C. § 80b-6(1)]; and Section 206(2) of the Advisers Act [15 U.S.C. § 80b-6(2)]; and

 C. That there is good cause to believe that investor funds and assets which could be subject to an Order of disgorgement will be dissipated, concealed or transferred from the jurisdiction of this Court. Accordingly, the Court hereby orders as follows:

## I.

## ORDER FREEZING ASSETS

**IT IS HEREBY ORDERED** that until otherwise ordered by this Court that the following assets are frozen: any and all assets of Defendant Beckman, Defendant Oxford PCG, Relief Defendant Hollie Beckman, and every other corporation, company,

partnership, trust and/or other entity (regardless of form) which is directly or indirectly owned by or under the direct or indirect control of Defendant Beckman, Defendant Oxford PCG, or Relief Defendant Hollie Beckman (hereinafter collectively "Related Entities" or singularly "Related Entity"), in whatever form such assets may presently exist and wherever located (including funds, accounts, insurance policies, real estate, automobiles, marine vessels, contents of safe deposit boxes, precious metals, other personal property, cash, securities, free credit balances, fully paid-for securities, and/or property pledged or hypothecated as collateral for loans, and all other assets), held in the name of the Defendants, Relief Defendant, or Related Entities and/or held for the Defendants', Relief Defendant's and/or Related Entities' benefit or on their behalf, including through corporations, companies, trusts, partnerships, agents, nominees, friends or relatives; and all other funds, accounts, and other assets to which proceeds from the Defendants' violations can be traced or which were acquired with proceeds of the Defendants' violations.

**IT IS HEREBY FURTHER ORDERED** that, until otherwise ordered by this Court, Defendant Beckman, Defendant Oxford PCG, Relief Defendant Hollie Beckman, and Related Entities, as well as their officers, agents, servants, employees, independent contractors, attorneys, depositories, banks, and those persons in active concert or participation with any one or more of them, and each of them, who receive actual notice of this Order or of the terms of the asset freeze provisions contained herein, by personal

service, mail, email, facsimile transmission or otherwise, are hereby restrained from, directly or indirectly:

    A.    transferring, selling, encumbering, receiving, changing, pledging, assigning, liquidating, incurring debt upon (such as mortgage or credit card debt), wasting or otherwise disposing of, or withdrawing, any funds, accounts, or other assets (including, but not limited to, funds, accounts, insurance policies, real estate, automobiles, marine vessels, contents of safe deposit boxes, precious metals, other personal property, cash, securities, free credit balances, fully paid-for securities, and/or property pledged or hypothecated as collateral for loans, and all other assets) owned by, controlled by, held for the benefit of, or in the possession of the Defendants, Relief Defendant, and/or Related Entities including any and all accounts at any financial institution in the name of any one or more of them, and any and all accounts at any financial institution in which any one or more of the Defendants, Relief Defendant, and/or Related Entities have signatory authority or a beneficial interest; and

    B.    transferring, selling, encumbering, receiving, changing, pledging, assigning, withdrawing, liquidating, incurring debt upon (such as mortgage or credit card debt), wasting or otherwise disposing of, in any manner, any assets (including funds, accounts, insurance policies, real estate, automobiles, marine vessels, contents of safe deposit boxes, precious metals, other personal property, cash, securities, free credit balances, fully paid-for securities, and/or property pledged or hypothecated as collateral

for loans, and all other assets) to which proceeds from the Defendants' violations can be traced or which were acquired with proceeds of the Defendants' violations.

**IT IS HEREBY FURTHER ORDERED** that the assets frozen by this Order include, but are not limited to, the following accounts:

| ACCOUNT HOLDER | FINANCIAL INSTITUTION | ACCOUNT NUMBER | ACCOUNT NAME |
|---|---|---|---|
| Jason & Hollie Beckman | Western International Securities, Inc. | XXX-6300 | Jason & Hollie Beckman |
| Jason & Hollie Beckman | Wells Fargo Bank | XXX-8793 – Prime Ckg<br>XXX-1338 – Free Ckg | Jason & Hollie Beckman |
| Jason & Hollie Beckman | Voyager Bank | XXX-5115 | BH Beckman Family LLC |
| Jason Beckman | Voyager Bank | XXX-9222 | Oxford Private Client Group LLC |
| Jason Beckman | Western International Securities, Inc. | XXX-6280 | Oxford PCG LLC |
| Jason & Hollie Beckman | Wells Fargo Bank | XXX-2645 | Jason & Hollie Beckman |

**IT IS HEREBY FURTHER ORDERED** that the assets frozen by this Order also include, but are not limited to, the following pieces of real estate (collectively, "Frozen Properties"):

1. 5140 Terraceview Lane North, Plymouth, Minnesota  55446
2. 752 SW Squire Johns Lane, Palm City, Florida  34990
3. 2400 Paseo del Lago, Mission, Texas  78573
4. 2303 Silverado Dr., Mission, Texas  78573
5. 7432 Golf Dr., Mission, Texas  78572

**IT IS HEREBY FURTHER ORDERED** that R.J. Zayed, the Receiver who has been appointed in this action, and his agents, are authorized to enter and fully inspect forthwith the Frozen Properties, including the inspection of any and all inside and outside areas, safes, secret hideaways or compartments or hollowed structures, whether such areas, hideaways, compartments or structures are open, locked, accessible or inaccessible.

**IT IS HEREBY FURTHER ORDERED** that the Receiver and his agents shall have complete access to any and all areas of the Frozen Properties including any and all inside and outside areas, safes, secret hideaways or compartments or hollowed structures, whether such areas, hideaways, compartments or structures are open, locked, accessible or inaccessible.

**IT IS HEREBY FURTHER ORDERED** that the Receiver and his agents are further authorized to use any photographic, video, or other means to record the Frozen

Properties and all contents thereof, including forensic imaging of all computers and photocopying of any relevant documents that are found on the premises. Such imaging and photocopying may, at the Receiver's option, be performed at an off-site location with the originals to be returned to the Frozen Properties upon completion.

**IT IS HEREBY FURTHER ORDERED** that the Receiver and his agents shall be authorized to remain on the premises until such time as the inspection is completed.

**IT IS HEREBY FURTHER ORDERED** that this Order includes, but is not limited to, the foreclosure and related Sheriff's sale scheduled for 10:00 a.m. on March 14, 2011 of the property at 5140 Terraceview Lane North in Plymouth, Minnesota involving the Mortgage Electronic Registration Systems, Inc.

**IT IS HEREBY FURTHER ORDERED** that the assets frozen by this Order also include, but are not limited to, all funds held for the benefit of the Defendants, Relief Defendant, and/or Related Entities by the following law firms:

1. **Felhaber, Larson, Fenlon & Vogt; 220 South Sixth Street, Suite 2200, Minneapolis, Minnesota, 55402; Phone:  612-339-6321; Fax:  612-338-0535**

2. **Briggs and Morgan; 2200 IDS Center, 80 South Eighth Street, Minneapolis, Minnesota, 55402-2157; Phone: 612-977-8400; Fax:  612-977-8650**

3. **Dorsey & Whitney LLP; 50 South Sixth Street, Suite 1500, Minneapolis, Minnesota  55402-1498; Phone: 612-340-2600; Fax: 612-340-2868**

4. **Williams & Connolly LLP; 725 Twelfth Street, NW, Washington, DC 20005-5901; Phone: 202-434-5000; Fax: 202-434-5029**

    5. Green Espel; 200 South Sixth Street, Suite 1200, Minneapolis, Minnesota, 55402; Phone:  612-373-0830

    6. W. Patrick Judge; Law Office of W. Patrick Judge, 1321 Pinehurst Ave., St. Paul, Minnesota  55116; Phone: 612-203-6602

**IT IS HEREBY FURTHER ORDERED** that the assets frozen by this Order also include, but are not limited to, the following vehicles (whether owned or leased):

    **1.**    **2006 Land Rover Range Rover**

    **2.**    **2008 Land Rover Range Rover**

    **3.**    **2010 Jaguar XKR**

**IT IS HEREBY FURTHER ORDERED** that the debt covered by this Order includes, but is not limited to, debt on the following credit cards:

    **1.**    **Wells Fargo Bank card, account no. XXX-1133**

    **2.**    **Barclaycard**

    **3.**    **Black card**

    **4.**    **Chase card**

    **5.**    **FIA Cardservice**

    **6.**    **MBNA card**

    **7.**    **Midwest Bank card**

    **8.**    **Target Visa card**

    **9.**    **Visa Signature card**

    **10.**    **Bank of America card**

    **11.**    **Card from unspecified issuer (XXX-1889).**

    **IT IS HEREBY FURTHER ORDERED** that the assets frozen by this Order also include loans by any Defendant, Relief Defendant, and/or Related Entity to any family members, including but not limited to approximately $110,000 loaned by Defendant Beckman or Relief Defendant Hollie Beckman to Relief Defendant Hollie Beckman's aunt, uncle, and other family members.

    **IT IS HEREBY FURTHER ORDERED** that the assets frozen by this Order also include, but are not limited to, any insurance policies or proceeds for which any Defendant, Relief Defendant, and/or Related Entity is a covered person or beneficiary.

    **IT IS HEREBY FURTHER ORDERED** that, until otherwise ordered by this Court, any bank, financial or brokerage institution, law firm, or other person or entity holding any funds or other assets referred to in this Order, in the name of, for the benefit of, or under the control of the Defendants, Relief Defendant, and/or Related Entities and which receives actual notice of this Order or of the terms of the asset freeze provisions contained herein, by personal service, mail, email, facsimile transmission or otherwise, shall hold and retain within its control and prohibit the withdrawal, removal, transfer, disposition, pledge, encumbrance, assignment, set off, sale, liquidation, dissipation, concealment, or other disposal of any such funds or other assets, and shall notify counsel for the Commission of the existence, nature, and amount of any such funds or other

assets.

**IT IS HEREBY FURTHER ORDERED** that, until otherwise ordered by this Court, all investors, creditors, and other persons, and all others acting on behalf of any such investor, creditor or other persons, including sheriffs, marshals, other officers, deputies, servants, agents, employees, independent contractors, and attorneys, are stayed from:

    A.    Commencing, prosecuting, continuing, settling or enforcing any suit, proceeding, award, judgment, settlement or lien against, affecting or on behalf of any of the Defendants, Relief Defendant, and/or Related Entities, or any assets frozen pursuant to this Order;

    B.    Using self-help or executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, execution, or other process for the purpose of impounding or taking possession of or interfering with or creating or enforcing a lien upon any assets of any of the Defendants, Relief Defendant, and/or Related Entities, or any other assets frozen by this Order, wherever situated; and

    C.    Attempting to modify, cancel, terminate, call, extinguish, revoke or accelerate (the due date), of any lease, loan, mortgage, indebtedness, security agreement or other agreement with the defendants or otherwise affecting any of the Defendants, Relief Defendant, and/or Related Entities, or any assets frozen by this Order.

## II.

## REPATRIATION

**IT IS HEREBY FURTHER ORDERED** that each of the Defendants, Relief Defendant, and/or Related Entities shall, within five (5) business days of the date of this Order, repatriate to the territory of the United States any and all funds and assets that are held by such Defendants, Relief Defendant, and/or Related Entities or are under his, her or its direct or indirect control, jointly or singly, or in which such Defendants, Relief Defendant, and/or Related Entities has or had any beneficial interest, or over which any of them maintained or maintains and/or exercised or exercises control, including but not limited to any and all assets and funds:

1. Held in foreign bank, brokerage or other financial accounts; or

2. Transferred out of the United States from any account within the territory of the United States at any point from January 1, 2006 through the present; and

Each Defendant, Relief Defendant, and/or Related Entity shall, within five (5) days of this Order deposit such repatriated funds into the Registry of this Court.

## III.

## ACCOUNTING

**IT IS HEREBY FURTHER ORDERED** that each of the Defendants, Relief Defendant, and/or Related Entities shall produce to the Commission a sworn accounting within five (5) days of issuance of this Order. The sworn accountings shall:

   A. list (1) all assets, funds and property received, directly or indirectly, from members of the public relating to foreign currency trading activities; (2) the amount of such funds or value of such assets; (3) the location of such assets and the location where such funds were put and for each location provide the name and address of the bank, financial institution or any other entity, the account name, the account number and the approximate date on which the funds were placed at the location; and (4) the uses to which such funds were put;

   B. list all of the assets and liabilities of each Defendant, Relief Defendant, and/or Related Entity wherever located, and, with respect to each asset and liability state: (1) a description; (2) the amount or value; (3) the name and address of the bank, financial institution or any other person or entity, (4) the account name and the account number; and (5) the date when the asset was acquired or the liability was incurred;

   C. identify all credit, bank, charge, debit or other deferred payment card, loans, lines of credit, or other sources of indebtedness and, with respect to each (as applicable), state (1) the name and address of the issuer; (2) the account number; and (3) the outstanding balance;

   D. identify all loans, lines of credit, or other sources of indebtedness and, with respect to each (as applicable), state (1) the name and address of the lender; (2) the terms of the loan or other credit arrangement; and (3) the outstanding balance; and

   E. identify all computers, servers, and other devices for electronically stored

information of the Defendants, Relief Defendant, and/or Related Entities, including their current location.

## IV.

## **RECORDS RETENTION**

**IT IS HEREBY FURTHER ORDERED** that Defendant Beckman, Defendant Oxford PCG, Relief Defendant Hollie Beckman, and Related Entities, as well as their officers, agents, servants, employees, independent contractors, attorneys, depositories, banks, and those persons in active concert or participation with any one or more of them, and each of them, be and they hereby are restrained and enjoined from, directly or indirectly, destroying, mutilating, concealing, altering, disposing of, or otherwise rendering illegible in any manner, any of the books, records, documents, emails, electronically stored information, computers, correspondence, ledgers, accounts, statements, files and other property of or pertaining to (i) the Defendants, (ii) the Relief Defendant, (iii) Related Entities, (iv) any matters that refer or relate to the Complaint filed by the Commission in this action, or (v) any matters that refer or relate to Trevor Cook, Patrick Kiley, Oxford Global Partners, Oxford Global Advisors, the Currency Program, or the Complaint filed by the Commission in *SEC v. Trevor Cook et al.*, 09-cv-3333 (D. Minn.), wherever located, until further order of this Court.

**IT IS HEREBY FURTHER ORDERED** that the duty to preserve documents and other information applies to all documents and other information in the possession,

custody or control of the Defendants, Relief Defendant, and/or Related Entities as well as their officers, agents, servants, employees, independent contractors, attorneys, depositories, banks, and those persons in active concert or participation with any one or more of them.  Such documents include, but are not limited to, handwritten notes, memoranda, emails, and any other documents or information, whether stored electronically or in "hard copy."  Evidence that is stored electronically includes, but is not limited to, text files, data compilations, word processing documents, metadata, spreadsheets, e-mail, voicemail, data bases, calendars and scheduling information, log, file fragments and backup files, letters, instant messages, memoranda, notes, drawings, designs, correspondence or communication of any kind.  Evidence that is stored electronically includes, without limitation, information maintained on shared network files, computer hard drives, servers, DVDs, CD-ROMs, flash drives, thumb drives, laptops, digital recorders, netbooks, PDA, or other handheld/ smartphone devices.

**IT IS HEREBY FURTHER ORDERED** that the Defendants, Relief Defendant, and/or Related Entities, as well as their officers, agents, servants, employees, independent contractors, attorneys, depositories, banks, and those persons in active concert or participation with any one or more of them are prohibited from permitting, or attempting to have, any such evidence in the possession, custody or control of third parties destroyed or compromised in any manner.  The Defendants, Relief Defendant, and/or Related Entities shall immediately notify the Receiver if they learn of the destruction of any information covered by this Order.

## V.

## DISCOVERY

**IT IS HEREBY FURTHER ORDERED** that the limitations of Rule 30(d)(1) of the Federal Rules of Civil Procedure shall not apply to the deposition of Defendant Beckman.  This Court grants the Commission leave to depose Defendant Beckman for four days of seven hours each.

## VI.

## PLEADINGS AND WITNESSES FOR PRELIMINARY INJUNCTION HEARING

**IT IS HEREBY FURTHER ORDERED** that:

A.	If any party to this action intends to present the testimony of any witness at any hearing on a preliminary injunction in this matter, that such party shall, at least **3 business days** prior to the scheduled date and time of hearing, serve on counsel for the

other parties a statement of the name, address, telephone number of any such witness, and either a summary of the witness's expected testimony, or the witness's affidavit or declaration revealing the substance of such witness's expected testimony;

      B.      The Defendants and the Relief Defendants shall serve any answering affidavits, pleadings or legal memoranda on counsel for the Commission not less than **3 business days** prior to any preliminary injunction hearing.

## VII.

## SERVICE AND NOTICE

**IT IS HEREBY FURTHER ORDERED** that service of this Order, any notices or other documents required or permitted by this Order may be accomplished by any means, including, but not limited to facsimile, email, overnight courier, personal delivery, or U.S. mail.

## VIII.

## PRESERVATION OF RIGHTS AND PRIVILEGES

**IT IS HEREBY FURTHER ORDERED** that nothing in this Order shall be construed to require that the Defendants, Relief Defendant, and/or Related Entities abandon or waive any constitutional or other legal privilege which they may have available to them.

## IX.

## **PRELIMINARY INJUNCTION HEARING DATE**

**IT IS HEREBY FURTHER ORDERED** that the Defendants and Relief Defendants shall appear before this Court on the 15th day of March, 2011 at 10:30 a.m., in Courtroom 15E, United States Courthouse, Minneapolis, Minnesota, and then and there show cause why a preliminary injunction should not be granted in accordance with the prayer for relief in the Commission's Complaint and papers filed herein.

**IT IS FURTHER ORDERED** that Defendants and Relief Defendants appear on the 10th day of March, 2011, at 9:30 a.m. in Courtroom 15E, United States Courthouse, Minneapolis, Minnesota, on Defendants and Relief Defendants' request for living expenses.  Prior to this hearing, Defendants and Relief Defendants shall submit documentation supporting such request for living expenses.


SO ORDERED:


DATED:   March 8, 2011            s/ Michael J. Davis
                                  MICHAEL J. DAVIS
                                  CHIEF JUDGE
                                  UNITED STATES DISTRICT COURT