## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

———————————————————————— :
:
**UNITED STATES SECURITIES**            :
**AND EXCHANGE COMMISSION,**            :
:
**Plaintiff,**             :
:
v.                                       :         **Civil Action No. 11-cv-574 (MJD/FLN)**
:
**JASON BO-ALAN BECKMAN and**           :
**THE OXFORD PRIVATE CLIENT**           :
**GROUP, LLC,**                         :
:
**Defendants,**           :
:
**and**                    :
:
**HOLLIE BECKMAN,**                     :
:
**Relief Defendant.**          :
———————————————————————— :

## ORDER APPOINTING RECEIVER

On the basis of Plaintiff United States Securities and Exchange Commission's

("Commission") Motion for an Asset Freeze, Appointment of a Receiver, Preliminary

Injunction, and Other Ancillary Relief ("Motion"), the Court having been advised in the

premises and having considered the materials before it:

**IT IS HEREBY ORDERED THAT:**

The Court appoints R.J. Zayed, of Carlson, Caspers, Vandenburgh & Lindquist, as

Receiver, without bond, for (1) the estate of Defendant Jason Bo-Alan Beckman

("Beckman"); (2) Defendant The Oxford Private Client Group, LLC ("Oxford PCG"); (3)

all funds, accounts, and other assets held by or for the benefit of Relief Defendant Hollie

Beckman which were received, directly or indirectly, from the Defendants or were

acquired with funds or other assets received, directly or indirectly, from the Defendants;

and (4) every other corporation, company, partnership, trust and/or other entity

(regardless of form) which is directly or indirectly owned by or under the direct or

indirect control of Defendant Beckman, Defendant Oxford PCG, or Relief Defendant

Hollie Beckman (hereinafter (1)-(4) referred to as "Receiver Estates").

**IT IS FURTHER ORDERED THAT:**

**I.**

The Receiver shall have the following powers and duties:

A.   To use reasonable efforts to determine the nature, location and value of all

assets and property which the Receiver Estates own, possess, have a beneficial interest in,

or control;

B.   To engage and employ the law firm of Carlson, Caspers, Vandenburgh &

Lindquist and, with the approval of the Court, any individuals or entities the Receiver

deems necessary to assist in his duties ("Retained Personnel");

C.   To take custody, control and possession of all the funds, property, premises,

leases, and other assets of or in the possession or under the direct or indirect control of

the Receiver Estates, to manage, control, operate and maintain the Receiver Estates, to

use income, earnings, rents and profits of the Receiver Estates, with full power to sue for

and collect, recover, receive and take into possession all goods, chattels, rights, credits,

monies, effects, lands, books and records of accounts and other papers of the Receiver

Estates;

D.   To bring such legal actions based on law or equity in any state, federal, or

foreign court as he deems necessary or appropriate in discharging his duties as Receiver;

E.   To pursue, resist and defend all suits, actions, claims and demands which

may now be pending or which may be brought by or asserted against the Receiver

Estates;

F.   To make such payments and disbursements from the funds so taken into his

custody, control and possession or thereafter received, and to incur such expenses as may

be necessary or advisable in the ordinary course of business in discharging his duties as

Receiver;

G.   To take such action as necessary and appropriate to prevent the dissipation

or concealment of any funds or assets or for the preservation of any such funds and assets

of the Receiver Estates;

H.   To have the authority to issue subpoenas to compel testimony of persons or

production of records, consistent with the Federal Rules of Civil Procedure and the Local

Rules for the United States District Court for the District of Minnesota (without being

subject to the limits imposed by Fed. R. Civ. P. 26(d)(1), except that notice of a subpoena

does not have to be provided by the Receiver to any party) concerning any subject matter

relating to the identification, preservation, collection and/or liquidation of the Receiver

Estates;

I.    To take any action which could be taken by the officers, directors, partners, members, shareholders, and trustees of Oxford PCG;

J.    To suspend, terminate or grant a leave of absence to any employees or independent contractors of Oxford PCG;

K.    To obtain credit reports of any kind from Experian, TransUnion, Equifax, and any other credit agency,  for Jason Bo-Alan Beckman, Oxford PCG, and Hollie Beckman, as well as any other Receiver Estate; and

L.    To take such other action as may be approved by this Court.

## II.

The Receiver and Retained Personnel are entitled to reasonable compensation and expense reimbursement from the Receiver Estates.  Such compensation shall be in amounts commensurate with the services performed by the Receiver and Retained Personnel and shall be subject to the approval of the Court.  The Receiver and Retained Personnel shall apply to the Court for such compensation and expense reimbursement monthly.  The Commission shall have the opportunity to review and, at its sole discretion, object to any application of the Receiver and Retained Personnel for compensation.  Amounts paid to the Receiver and Retained Personnel shall be paid from the assets frozen by (i) the Court's Order dated March 8, 2011 in this action (the "Asset Freeze Order"), and (ii) the Court's Order Imposing Asset Freeze dated November 23, 2009 in *SEC v. Cook et al.* (09-cv-3333, Docket No. 14), and any extensions, renewals or modifications thereof.

**III.**

The Receiver shall not be required to post bond or give an undertaking of any type in connection with his fiduciary duties and obligations in this matter unless and until this Court so orders.

**IV.**

The Receiver and Retained Personnel are entitled to rely on all outstanding rules of law and Court orders and shall not be liable to anyone for their own good faith compliance with any order, rule, law, judgment, or decree. In no event shall the Receiver or Retained Personnel be liable to anyone for their good faith compliance with their duties and responsibilities as Receiver or Retained Personnel, nor shall the Receiver or Retained Personnel be liable to anyone for any actions taken or omitted by them except upon a finding by this Court that they acted or failed to act as a result of malfeasance, bad faith, gross negligence, or in reckless disregard of their duties.

**V.**

The Receiver shall use one or more bank account(s) including the Receivership account opened in *SEC v. Cook et al.* (09-cv-3333), in his discretion, to deposit the Receiver Estates' frozen funds and any other funds the Receiver may recover. The Receiver shall use such funds for any legitimate purpose consistent with the Receiver's powers and duties and this Order, including paying fees and expenses of the Receiver and Retained Personnel, as approved by the Court.

**VI.**

5

Defendant Beckman, Defendant Oxford PCG, Relief Defendant Hollie Beckman, their agents, servants, employees, independent contractors, and attorneys, and any persons acting for or on behalf of the Receiver Estates, are required to assist the Receiver in fulfilling his duties and obligations.  As such, they must respond promptly and truthfully to all requests for information and documents from the Receiver.

## VII.

All investors, borrowers, creditors, and other persons, and all others acting on behalf of any such investor, borrower, creditor or other persons, including sheriffs, marshals, other officers, deputies, servants, agents, employees, independent contractors, and attorneys, are stayed from:

A.   Commencing, prosecuting, continuing, settling, or enforcing any suit, proceeding, award, judgment, settlement or lien against or affecting any of the Receiver Estates;

B.   Using self-help or executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, execution, or other process for the purpose of impounding or taking possession of or interfering with or creating or enforcing a lien upon any assets of the Receiver Estates, including, without limitation, any property owned by or in the possession of the Receiver Estates, wherever situated;

C.   Attempting to modify, cancel, terminate, call, extinguish, revoke or accelerate (the due date), of any lease, loan, mortgage, indebtedness, security agreement or other agreement with or otherwise affecting the Receiver Estates, without the

6

agreement of the Receiver; and

      D.   Doing any act that may interfere with the taking control, possession, or management, by the Receiver, of any assets of the Receiver Estates, diminish the value of the assets of the Receiver Estates, in any way interfere with or harass the Receiver, or interfere in any manner with the exclusive jurisdiction of this Court over the Receiver Estates.

      This Order includes, but is not limited to, the foreclosure and related Sheriff's sale scheduled for 10:00 a.m. on March 14, 2011 of the property at 5140 Terraceview Lane North in Plymouth, Minnesota involving the Mortgage Electronic Registration Systems, Inc.

## VIII.

      From time to time, upon application of the Receiver, the Court shall reissue this Order and upon applications of the Receiver may amend this Order.

## IX.

      All persons, and all others acting on behalf of any such persons, including sheriffs, marshals, other officers, deputies, servants, agents, employees, independent contractors, and attorneys, are ordered to turn over to the Receiver any and all property of any nature, including but not limited to all real and personal property; businesses; accounts; documents, electronically stored information, and tangible things as defined in Rule 34 of the Federal Rules of Civil Procedure; and any other asset of any kind of which any of the Receiver Estates are the owners or have an interest in immediately upon

receiving notice of the entry of this Order.

## X.

No person holding or claiming any position of any sort with any of the Receiver Estates shall possess any authority to act by or on behalf of any of the Receiver Estates.

## XI.

No officers, directors, partners, members, shareholders, and trustees of any corporations, partnerships, companies, trusts and/or other entity (regardless of form) that are among the Receiver Estates shall exercise any of their rights or powers with respect to the Receiver Estates until further order of the Court.

## XII.

Defendant Beckman, Defendant Oxford PCG, Relief Defendant Hollie Beckman, as well as their agents, servants, employees, independent contractors, attorneys, any persons acting for or on behalf of the Receiver Estates, and any persons receiving notice of this Order by personal service or otherwise, are hereby restrained and enjoined from disposing, transferring, exchanging, assigning, or in any way conveying any property or assets of the Receiver Estates, and are restrained and enjoined from transacting any business of the Receiver Estates, except with the prior approval of the Receiver.

## XIII.

Defendant Beckman, Defendant Oxford PCG, Relief Defendant Hollie Beckman, their agents, servants, employees, independent contractors, and attorneys, any

persons acting for or on behalf of the Receiver Estates, and any persons receiving notice of this order by personal service or otherwise, having possession of any property of any nature, including but not limited to all real and personal property; businesses; accounts; documents, electronically stored information, and tangible things as defined in Rule 34 of the Federal Rules of Civil Procedure; and any other asset of any kind of the Receiver Estates are hereby directed to deliver the same to the Receiver, his agents and/or employees.

## XIV.

Defendant Beckman, Defendant Oxford PCG, Relief Defendant Hollie Beckman, their agents, servants, employees, independent contractors, attorneys, any persons acting for or on behalf of the Receiver Estates, and entities under their direct or indirect control shall cooperate with and assist the Receiver and shall take no action, directly or indirectly, to hinder, obstruct, or otherwise interfere with the Receiver, in the performance of his duties.

## XV.

Any brokerage institution, financial institution, bank, savings and loan, mutual fund, or any other person, partnership, or corporation maintaining or having custody or control of any brokerage or deposit account or other assets of any of the Receiver Estates or under their control, that receives actual notice of this Order by personal service, facsimile transmission or otherwise shall, within three (3) business days of receipt of that notice, file with the Court and serve on the Receiver and counsel for the Commission a

9

certified statement setting forth, with respect to each such account or other asset, the balance in the account or description of the assets as of the close of business on the date of receipt of the notice.

## XVI.

The Receiver shall be empowered, but is not required, to file voluntary petitions for relief under Title 11 of the United States Code (the Bankruptcy Code) for the Receiver Estates.  If a bankruptcy petition is filed, the Receiver shall become, and shall be empowered to operate each of the Receiver Estates as a debtor in possession.  The Receiver shall have all of the powers and duties as provided a debtor in possession under the Bankruptcy Code to the exclusion of any other person or entity.  Should the Receiver elect to file petitions under Title 11 of the United States Code for any of the Receiver Estates, he shall have 15 days from the date of such filing to file with the Bankruptcy Court any lists or schedules required to be filed with such petitions, this Court recognizing that the Receiver will require time to assemble such data for filing.

## XVII.

The Receiver is authorized to communicate with all such persons as he deems appropriate to inform them of the status of this matter and the financial condition of the Receiver Estates.  The Receiver is further authorized to record this Order with govern-ment offices and to serve this Order on any person as he deems appropriate in furtherance of his responsibilities in this matter.   All government offices which maintain public files of security interests in real and personal property are hereby ordered to record this Order

when requested to do so by the Receiver or the Commission.

## XVIII.

The Receiver shall promptly notify the Court and counsel for the Commission of any failure or apparent failure of Defendant Beckman, Defendant Oxford PCG, or Relief Defendant Hollie Beckman to comply in any way with the terms of this Order.

## XIX.

No provision of this Order shall require the waiver of, or otherwise impinge upon, any person's rights to assert any applicable constitutional or other privilege in lieu of complying with the terms of this Order.

**SO ORDERED.**


March 8, 2011                          s/ Michael J. Davis
**DATE**                               **MICHAEL J. DAVIS**
                                       **CHIEF JUDGE**
                                       **UNITED STATES DISTRICT COURT**