UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

**UNITED STATES SECURITIES
AND EXCHANGE COMMISSION,**
        Plaintiff,

v.                          Case No.    11-cv-574 (MJD/FLN)

**JASON BO-ALAN BECKMAN, et al.,**
        Defendants,

**R.J. ZAYED,**
        Receiver.

## FINAL JUDGMENT AS TO DEFENDANT JASON BO-ALAN BECKMAN

The Securities and Exchange Commission having filed a Complaint against Defendant Jason Bo-Alan Beckman ("Defendant"); Defendant having entered a general appearance; the SEC having made a motion for summary judgment against Defendant; and the Court having granted the SEC's motion for summary judgment against Defendant:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by

using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements

made, in light of the circumstances under which they were made, not misleading; or

(c)     to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a)     Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b)     Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c)     Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or

offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants and Defendants' agents, servants, employees, attorneys, and those persons in active concert or participation with them, and each of them, who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Sections 206(1) and (2) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. § 80b-6(1) and (2)] by, while acting as an investment adviser, by the use of the means and instrumentalities of interstate commerce and of the mails, directly or indirectly, employing devices, schemes, and artifices to defraud its clients and prospective clients, or engaging in transactions, practices, and courses of business which operate as a fraud or deceit upon its clients and prospective clients.

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that none of the provisions in this Final Judgment shall in any way affect the Receivership established in this matter.  The powers and duties of the Receiver as set forth in the

Second Amended Order Appointing Receiver [Dkt. 68] shall remain in full force and effect unless and until this Court orders otherwise.

VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable, jointly and severally with: Trevor G. Cook; Patrick J. Kiley; UBS Diversified Growth, LLC; Universal Brokerage FX Management, LLC; Oxford Global Advisors, LLC; Oxford Global Partners, LLC; and The Oxford Private Client Group, LLC for disgorgement of $143,228,742, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $12,699,781, for a total of $155,928,523.  Defendant shall satisfy this obligation by paying $155,928,523 to the Securities and Exchange Commission, or to the court-appointed Receiver if directed by the Court, within 14 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission which shall be delivered or mailed to

>Enterprise Services Center
>Accounts Receivable Branch
>6500 South MacArthur Boulevard
>Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Jason Bo-Alan Beckman as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

Unless the Court otherwise orders or authorizes the court-appointed Receiver in this matter, the Commission shall hold the funds (collectively, the "Fund") and may propose a plan to distribute the Fund subject to the Court's approval. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

Any amounts paid towards the restitution ordered in Defendant's criminal case, *United States v. Beckman, et al.*, 11-cr-228 (D. Minn.), will be credited against the disgorgement amount ordered here within.

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

## VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

IX.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

SO ORDERED.

DATE: January 12, 2016

s/ Michael J. Davis
MICHAEL J. DAVIS
UNITED STATES DISTRICT COURT